## LAWRENCE v. STORY & CLARK PIANO CO. (No. 1555.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 4, 1916. Rehearing Denied Feb. 17, 1916.)

CHATTEL MORTGAGES ☞283—FORECLOSURE—SALE.

Where a chattel mortgage on a piano was foreclosed, and the judgment and order of sale described it as player piano No. 56388, a writ directing the seizure and sale of such piano does not authorize the seizure and sale of player piano No. 56338, which was in the possession of appellant, who was not the mortgagor; for, if the piano was incorrectly described in the mortgage, the instrument should have been reformed in the foreclosure suit.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 569, 572; Dec. Dig. ☞283.]

Appeal from Gregg County Court.

Proceedings between F. M. Lawrence and the Story & Clark Piano Company to determine the right of property in a piano levied upon while in the former's possession. From a judgment for the latter, the former appeals. Reversed and rendered.

F. B. Martin, of Longview, for appellant. M. L. Cunningham, of Longview, for appellee.

WILLSON, C. J. This was a proceeding under the statute to try the right of property in a piano levied upon while in appellant's possession by virtue of an order of sale issued on a judgment in appellee's favor against Annie Lawrence for $297, and foreclosing the lien of a mortgage on "one Weiler player piano No. 56388." In accordance with the judgment, the writ directed the sheriff to seize and sell "Weiler player piano No. 56388." The piano levied upon and claimed by appellant was Weiler player piano No. 56338. The appeal is from a judgment determining that this piano was the one specified in the writ and subject to it.

The piano covered by the mortgage foreclosed was not otherwise described in either the judgment or order of sale issued on it than as above stated, to wit, "Weiler player piano No. 56388." Appellant contended in the court below, and contends here, that the seizure while in his possession of piano No. 56338 was not authorized by the writ against piano No. 56388. We think the contention should be sustained. If the piano levied upon in fact was the one mortgaged to appellee, and it was by mistake described in the mortgage as No. 56388, instead of No. 56338, the instrument should have been reformed in the foreclosure suit and foreclosed as reformed. Or, in that event, if the piano was correctly described in the mortgage, and by mistake was described as No. 56388 instead of 56338 in the judgment, it should have been corrected in some way authorized by law, and the writ should have conformed to the judgment as corrected. It is plain, we

think, that where two articles are not otherwise distinguishable than by a number, a writ directing the seizure and sale of one of them by its number does not authorize the seizure and sale of the other.

The judgment will be reversed, and judgment will be here rendered in favor of appellant.

⚬⚬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.